UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Marc Marier, ) | |
|     Petitioner, ) | |
| ) | No. 22 CV 50246 |
| v. ) | Judge Iain D. Johnston |
| ) | |
| Thomas Bergami, Warden, ) | |
|     Respondent. ) | |

**ORDER**

    Marc Marier filed a petition under 28 U.S.C. § 2241 asking that he be properly credited with First Step Act time credits. Under the First Step Act, inmates are able to earn time credits for participating in recidivism-reducing programming. *See* 18 U.S.C. § 3632(d)(4)(A). In his petition, Mr. Marier states that his then-release date of December 22, 2022, reflected only the credits he had earned through December 2021, and that he had not yet been credited with time earned during 2022. Mr. Marier filed his petition on July 8, 2022 and paid the filing fee on July 25, 2022. Because of his impending release date, the Court set an expedited schedule for briefs, with the government's response brief due August 10, 2022, and the petitioner's reply brief due August 17, 2022. The government responded, but to date the Court has not received a reply brief.

    According to the government's response and an attached affidavit, in response to Mr. Marier's petition, the Bureau of Prisons applied the additional time credits Mr. Marier had earned. As a result, it advanced the date he was scheduled for prerelease home confinement to August 15, 2022. In fact, according to the Bureau of Prisons' website, Mr. Marier has already been released to a residential reentry program.

    Because it appears that Mr. Marier has now received the release he sought, and in light of the fact that he has not filed a reply brief to dispute any of the government's assertions that it applied all of his First Step Act time credits and advanced his prerelease date, his petition [1] is denied as moot.

    Mr. Marier is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Marier need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no

more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

Date: August 22, 2022          By: _____
                                    Iain D. Johnston
                                    United States District Judge